

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–1722–10

**MARIE LOUISE OUELLETTE, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRD COURT OF APPEALS
### WILLIAMSON COUNTY

**MEYERS, J., filed a dissenting opinion.**

## DISSENTING OPINION

The problem in this case boils down to one thing: evidence regarding the pill bottle should never have been entered in the first place. Because the defendant said she had not taken the medication within the last month, it was not relevant to the DWI charge. The prescription pill bottle found in Appellant's car is no more admissible to show that she

was driving while intoxicated than Alcoholics Anonymous literature found in the car would be. The defense should have filed a motion to suppress this evidence and objected to its admission at trial. Unfortunately, the defense didn't object until the jury charge conference.

To compound the problem, the court of appeals analyzed the improper jury charge under a sufficiency of the evidence standard of review. The court pays lip service to *Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985), but then goes on to review the factual and legal sufficiency of the evidence. The court of appeals noted that Ouellette did not object to the admission of any evidence relating to the drugs and said, "Under a legal sufficiency standard of review, we consider all evidence properly admitted at trial, including evidence here that prescription drugs were present in Ouellette's vehicle and that Ouellette admitted that the medications were hers." *Ouellette v. State*, NO. 03-08-00566-CR, 2010 Tex. App. LEXIS 7053, at *8 (Tex. App.–Austin August 27, 2010) (mem. op., not designated for publication). That may be true if this was a legal sufficiency case. But it's not, and legal sufficiency is not the standard used to determine if a jury charge is correct. The court of appeals concludes that "factually sufficient evidence supports Ouellette's conviction of driving while intoxicated by reason of her consumption of alcohol." *Id*. at *10. Again, this may be true, but we don't use a factual sufficiency standard of review to say that a charge was properly submitted to the jury either. I respectfully dissent to the majority's failure to even acknowledge the court of

appeals's use of the wrong standard.  I would remand this case to the court of appeals for a proper analysis of the jury charge error.

Meyers, J.

Filed: October 12, 2011

Publish